UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
**LUCERNERI DE GARCIA**,                                      :
                                                              :
               Plaintiff,       :   **REMAND ORDER**
                                                              :
      – against –                                 :   22-CV-12 (AMD) (JRC)
                                                              :
**TROPICANA ENTERTAINMENT INC.**, *et al.*,                   :
                                                              :
               Defendants.     :
                                                              :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On November 22, 2021, the plaintiff commenced this action in the Supreme Court of Queens County (Index No. 726091/2021), alleging that she was injured while walking in a business establishment operated by the defendants.  (ECF No. 1-1.)  On January 3, 2022, the defendants removed the action to this Court.  (ECF No. 1.)  The plaintiff moved to remand the case to state court on January 5, 2022; she also requested attorney's fees and costs incurred as a result of the removal.  (ECF No. 6.)  For the reasons explained below, the plaintiff's motion is granted.

## BACKGROUND

      The plaintiff alleges that on June 24, 2021, she was walking on the premises of the defendants' business located at 2831 Boardwalk, Atlantic City, New Jersey, when she "sustain[ed] severe and permanent injuries."  (ECF No. 1-1 ¶¶ 37-38.)  She claims that her injuries were "caused wholly and solely by the [defendants'] negligence and breach of duty," and that the defendants "created [a] dangerous or defective condition, and/or had actual or constructive knowledge of such condition, for a period of time prior to and at the time of the incident."  (*Id.* ¶¶ 40-45.)  The plaintiff "sustain[ed] serious injuries" and "suffered pain, shock

and mental anguish," and "these injuries and their effects will be permanent;" she also claims that she "has been caused to incur, and will continue to incur, expenses for medical care and attention" and that she was "rendered unable to perform [her] normal activities and duties and has sustained a resultant loss therefrom." (*Id.* ¶ 48.)

On November 22, 2021, the plaintiff brought an action in the New York Supreme Court of Queens County against the defendants, seeking damages "in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (*Id.* at 12.) On January 3, 2022, the defendants removed the action to this Court on the basis of federal diversity jurisdiction. (ECF No. 1 at 2.) In seeking remand, the plaintiff argues that the defendants have not established that the amount-in-controversy requirement for diversity jurisdiction was satisfied, and that the notice of removal is premature.[1] (ECF No. 6.) She also requests attorney's fees incurred as a result of the removal. (*Id.* at 3.) The defendants oppose the motion. (ECF No. 8.)

## STANDARD OF REVIEW

A federal court can remand an action for lack of subject matter jurisdiction at any time before the entry of judgment. 28 U.S.C. § 1447(c); *see also JP Morgan Chase Bank, N.A. v. Caires*, 768 F. App'x 73, 74 (2d Cir. 2019) (summary order). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when the plaintiff and defendant have complete diversity of citizenship[2] and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. A defendant seeking to remove an action to federal court based on

---

[1] Though the plaintiff requested a pre-motion conference, none is required for a motion to remand. Accordingly, I construe the plaintiff's letter as her motion to remand.

[2] The plaintiff is a New York resident, and the defendants are New Jersey and Delaware residents. (*See* ECF No. 1 ¶¶ 1-2.) Therefore, complete diversity of citizenship exists between the parties.

diversity jurisdiction "has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a)." *Wright v. JB Hunt Transp. Inc.*, No. 19-CV-2414, 2019 WL 1936725, at *1 (E.D.N.Y. May 1, 2019). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

## DISCUSSION[3]

**I.     Remand**

The plaintiff does not allege a specific damages amount in her state court complaint. Instead, she alleges that she suffered "serious" and "permanent" injuries, incurred and will continue to incur medical expenses, and has been "rendered unable to perform [her] normal activities and duties." (ECF No. 1-1 ¶ 48.) These "boilerplate allegations concerning her injuries do not establish that the amount in controversy suffices to support diversity jurisdiction." *Palmer v. Schindler Elevator Corp.*, No. 17-CV-3619, 2017 WL 9511081, at *1 (E.D.N.Y. June 22, 2017) (the plaintiff alleged that she "suffered severe and serious injuries to her body and limbs, and became and is sore, sick, lame and disabled and suffered and still suffers great pain and nervous shock, some of which injuries will be permanent in nature"), *report and recommendation adopted*, No. 17-CV-3619, 2017 WL 3037411 (E.D.N.Y. July 18, 2017); *see also Burtis v. Samin*, No. 18-CV-2789, 2018 WL 2304765, at *2 (E.D.N.Y. May 21, 2018)

---

[3] The plaintiff claims that the notice of removal was "at least one day late ([complaint] served on 12/3/21 and removed 1/3/22)." (ECF No. 6 at 2.) Under 28 U.S.C. § 1446(b), the defendants must file the notice of removal within 30 days after receiving the initial pleading; that 30-day period ended on January 2, 2022, which is a Sunday. Accordingly, the filing period continued to run until Monday, January 3, 2022, Fed. R. Civ. P. 6(a)(1)(C), and the defendants' notice of removal was not late.

3

(remanding case where the plaintiff alleged that he "suffered serious and severe injuries" to various parts of his body, and "sought and received medical advice, care and treatment . . . [and] will be obliged to seek and receive further medical advice, care and treatment in the future as a result of his injuries").

The defendants also cite the plaintiff's request for damages "in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (ECF No. 1-1 at 12.) But that request "merely indicates an amount in controversy in excess of $25,000, which represents the jurisdictional limitation of the lower civil courts of New York." *Valente v. Garrison From Harrison LLC*, No. 15-CV-6522, 2016 WL 126375, at *1 (E.D.N.Y. Jan. 11, 2016); *see also Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, No. 19-CV-4390, 2019 WL 2193820, at *2 (S.D.N.Y. May 21, 2019) (allegation that damages amount "exceeds the jurisdictional limits of all lower Courts" was "obviously a reference to the lower civil courts of New York (which may not entertain actions seeking more than $ 25,000)"); *Burtis*, 2018 WL 2304765, at *3 (allegations that damages amount "exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction" "merely convey that Plaintiff seeks more than $25,000").[4] Accordingly, the plaintiff's complaint does not establish that the amount in controversy exceeds $75,000.

In their notice of removal, the defendants do no more than quote the plaintiff's vague allegations about her injuries, and do not include any additional details.[5] (*See* ECF No. 1 ¶ 4.) As explained above, the plaintiff's allegations do not demonstrate that the amount in controversy

---

[4] The defendants concede that "[t]he mention of 'lower courts' . . . is a reference to the lower civil courts of New York." (ECF No. 8 at 2.)

[5] For example, the defendants could have cited medical records or accident reports. *See Noguera v. Bedard*, No. 11-CV-4893, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011).

exceeds the jurisdictional limit. The defendants also cite the plaintiff's separate lawsuit in connection with a different accident, and say that "the plaintiff will undoubtedly claim that some of her prior injuries have been exacerbated by this incident." (ECF No. 8 at 2.) But the plaintiff does not refer to the other accident or the injuries from that accident in her complaint. This Court "declines to find jurisdiction on the basis of pure speculation." *Baptiste v. ABM*, 20-CV-6626, 2020 WL 5038560, at *1 (S.D.N.Y. Aug. 26, 2020) (remanding case where the defendants relied on hypothetical scenarios to argue that the jurisdictional threshold had been met). Accordingly, the Court lacks subject matter jurisdiction over this case. Moreover, "[w]ithout a non-speculative amount in controversy clearly alleged, [the] defendants' removal of this case was premature." *Elome v. Sva Trucking LLC*, No. 21-CV-5241, 2021 WL 4480456, at *2 (E.D.N.Y. Sept. 30, 2021); *see Perez v. Sodexo, Inc.*, No. 20-CV-4176, 2021 WL 2333640, at *4 (E.D.N.Y. June 7, 2021) (collecting cases).

## II. Fees

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal;" "when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "A court need not find that the removing party acted in bad faith to award fees." *Bader v. Costco Wholesale Corp.*, No. 18-CV-1304, 2019 WL 1075604, at *1 (E.D.N.Y. Mar. 7, 2019) (citing *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992)).

The defendants acknowledge that they could have served a demand on the plaintiff pursuant to N.Y. C.P.L.R. § 3017(c) to ascertain the damages amount. (ECF No. 8 at 2-3.)

5

"[R]ather than removing the action to this Court without the proper basis on which to do so," the defendants "should have availed themselves of the state's procedures." *Feder v. Costco Wholesale Corp.*, No. 17-CV-3708, 2017 WL 9511082, at *2 (E.D.N.Y. June 27, 2017*), report and recommendation adopted*, No. 17-CV-3708, 2017 WL 2992490 (E.D.N.Y. July 14, 2017); *see also Faktorovich v. Fleet Car Lease, Inc.*, No. 17-CV-1824, 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017) ("Rather than prematurely removing the action to this Court, Defendants should have availed themselves of the appropriate statutory provision, pursuant to which the state court, on motion, is to order the Plaintiff to respond to a demand for total damages."). The defendants made boilerplate allegations about the plaintiff's injuries, and speculated that she would claim this incident exacerbated pre-existing injuries; their removal of this case based on these allegations was objectively unreasonable. *See Bader*, 2019 WL 1075604, at *1-2 (finding that the defendant's removal of a case was objectively unreasonable, and awarding attorney's fees and costs, where the defendant "had not received a written demand for damages exceeding $75,000 at the time it filed its notice of removal"). Accordingly, the plaintiff is entitled to attorney's fees and costs incurred as a result of the removal. The plaintiff is directed to submit an affidavit setting forth the costs and expenses incurred because of the removal so that the Court can determine the appropriate award.

## CONCLUSION

Because the Court does not have subject matter jurisdiction over this case, and the defendants' removal was premature, the plaintiff's motion to remand is granted. The Clerk of Court is respectfully directed to remand this action back to the Supreme Court of Queens County. The plaintiff is directed to submit an affidavit as described above by March 10, 2022.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       February 8, 2022